UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 MAR 18 A 10:55

KLAUSNER & HUNTER
63 EAST HIGH STREET
P.O. BOX 1012
SOMERVILLE, NJ 08876
(908)685-1552
Attorneys for Plaintiff
SK(8298)

| | |
|---|---|
| GREG BRANDT, DAVE BURKE, NICK CAPUTO, KEVIN COLIE, MICHAEL CORCORAN, DAN DAVENPORT, GLENN DEANGELIS, RAYMOND DRIFT, JR., FREDERICK J. EURICK, ROBERT J. EURICK, GARTH FRITZINGER, JAMES GALLE, MARC HOFFMAN, CLAIR G. KESTER, STANLEY KOCUR, JR., ED KRACHUN JR., PETER J. KULINA, LARRY MACLEAN, DAVID J. MROZ, JOHN PERO IV, MICHAEL ROGALSKI, JAMES SNYDER, FRANK UR, MARIO VASSALLO, JOSEPH A. WARNICK, RUSTY WEIKEL, ROBERT WHIPERT, RAY WHITLOCK, THOMAS R. WINCHALZ, ANTHONY ZALIWISKI, DAVE ZULUS, <br><br>         Plaintiffs, <br><br>    vs <br><br> TOWNSHIP OF HILLSBOROUGH, <br><br>         Defendant. | CIVIL ACTION NO: 05-1536(MLC) <br><br> COMPLAINT AND JURY DEMAND |

Plaintiffs, by their attorneys, Klausner & Hunter, Esqs., complaining of Defendant, respectfully allege as follows:

**FIRST COUNT**

1. Plaintiffs bring this action to recover unpaid overtime compensation and other relief under the provisions of the <u>Fair Labor Standards Act</u> of 1938, as amended (29 <u>U.S.C.</u> §§ 201-219; hereinafter the "Act" or the "FLSA"), and for a declaratory judgment under 29 <u>U.S.C.</u> §§201 and 2202.

2. Jurisdiction of this action is conferred upon this Court by Section 16(b) of the Act (29 <u>U.S.C.</u> §216(b)). Venue is also established pursuant to 28 <u>U.S.C.</u> §1391(b).

**THE PARTIES**

3. Plaintiffs are each residents of the District of New Jersey, and are or were employees of the Defendant Township of Hillsborough, Somerset County, New Jersey, as members of the Hillsborough Department of Public Works.

4. The Defendant to this action is the Township of Hillsborough, with municipal administrative offices at 379 South Branch Road, Hillsborough, NJ 08844.

5. Pursuant to Section 16(b) of the Act (29 <u>U.S.C.</u> §216(b), the named Plaintiffs herein have executed and hereby file with the Court their consents in writing to become parties plaintiff in this action, which are appended hereto. Should additional plaintiffs similarly situated join this action, their consents will be field with the Court.

6. The Plaintiffs are employees who are or were at all relevant times employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section

3(s) of the Act (29 U.S.C. §203(s)). Each Plaintiff is or was a public worker within the Hillsborough Public Works Department.

7. At all times material herein, the Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

8. The Defendant is an employer as defined by section 3(d) of the Act (29 U.S.C. §203(d), and a "public agency" within (29 U.S.C. §203(x). Upon information and belief, the Defendant at all relevant times has been aware of the provisions of the FLSA, as amended, (29 U.S.C. §201, et seq.

9. The Defendant is an enterprise, as defined by Section 3(r) of the Act (29 U.S.C. §203(r).

**PLAINTIFF'S ENTITLEMENTS TO PAY UNDER THE ACT**

10. Employees covered under the Act are entitle to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in Section 7 of the Act (29 U.S.C. §207). Section 7(a)(1) of the Act (29 U.S.C. §207(a) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employees receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

11. Pursuant to a collective negotiations agreement, Plaintiffs, Dave Burke, Dan Davenport, Glenn DeAngelis, Raymond Drift, Frederick J. Eurick, Garth Fritzinger, C. Buddy Kester, Stanley Kocur, Jr., Ed Krachun, Peter Kulina, Joe Lucas, Larry MacLean, Michael Rogalski, Frank Ur, and Ray Whitlock are entitled to and receive longevity pay. Defendant has failed and refused to include this longevity payment as part of base salary for calculating overtime payments.

12. The failure of Defendant to include longevity pay as part of Plaintiffs compensation for overtime calculations at one and one-half times their regular rate for such excess hours is a violation of Section 7 of the Act (29 U.S.C. §207). Such violation is redressable by the Plaintiffs as affected employees under Section 16(b) of the Act (29 U.S.C. §216(b)).

13. Defendant, therefore, is liable to the Plaintiffs herein in the amount of Plaintiffs' unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorneys fees, together with the costs and disbursements of this action.

14. The failure by Defendant to pay such compensation is a knowing, willful or reckless violation of Section 7 of the Act (29 U.S.C. §207) within the meaning of the applicable statute of limitations (29 U.S.C. §255(a)), for which Defendant is liable.

15. Therefore, Plaintiffs herein are entitles to the unpaid overtime compensation and liquidated damages owed to them

beginning three years immediately preceding the commencement of the action.

16. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant, and Plaintiffs are unable to state precisely at this time the exact amounts owing to them. The Defendant is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained for each Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs herein request from the Court the following relief:

A. Judgment declaring that the Defendant has willfully, recklessly, and wrongfully violated their statutory and legal obligations, and deprived the Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

B. An Order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

C. Judgment against the Defendant awarding each Plaintiff monetary damage in the form of back pay compensation which includes longevity pay at the rate of time and one-half,

liquidated damages equal to their unpaid compensation, or pre-judgment and post-judgment interest;

    D.    Reasonable attorneys' fees;

    E.    The costs and disbursements of this action together with such other and further relief as the Court deems proper.

    F.    Grant such other and further relief as may be just and proper.

### SECOND COUNT

1. Plaintiff repeats and realleges each allegation contained in the First Count hereof as if the same were fully and at length set forth.

2. The parties collective negotiations agreement provides that "the hourly rate for purposes of overtime, is to be determined by dividing the employees established base salary by 261 or 260 (depending on the year).

3. The year 2004 is a leap year and contains 262 working days.

4. Defendant, unilaterally included this extra work day in calculating each Plaintiff's bi-weekly paycheck and overtime calculations.

5. By doing so, each pays bi-weekly salary and overtime calculation has been reduced in violation of the FLSA.

6. Defendant, therefore, is liable to the Plaintiffs herein in the amount of Plaintiffs' unpaid compensation and an additional equal amount as liquidated damages, and for reasonable

attorneys fees, together with the costs and disbursements of this action.

7. The failure by Defendant to pay such compensation is a knowing, willful or reckless violation of Section 7 of the Act (29 U.S.C. §207) within the meaning of the applicable statute of limitations (29 U.S.C. §255(a)), for which Defendant is liable.

8. Therefore, Plaintiffs herein are entitles to the unpaid overtime compensation and liquidated damages owed to them beginning three years immediately preceding the commencement of the action.

9. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant, and Plaintiffs are unable to state precisely at this time the exact amounts owing to them. The Defendant is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained for each Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs herein request from the Court the following relief:

A. Judgment declaring that the Defendant has willfully, recklessly, and wrongfully violated their statutory and legal obligations, and deprived the Plaintiffs of their rights,

protections and entitlements under federal law, as alleged herein;

 B. An Order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

 C. Judgment against the Defendant awarding each Plaintiff monetary damage in the form of back pay compensation which includes longevity pay at the rate of time and one-half, liquidated damages equal to their unpaid compensation, or pre-judgment and post-judgment interest;

 D. Reasonable attorneys' fees;

 E. The costs and disbursements of this action together with such other and further relief as the Court deems proper.

 F. Grant such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiffs demand a jury trial on al issues,

      KLAUSNER & HUNTER
      Attorneys for Plaintiffs

      By: _____
       Stephen E. Klausner
       SEK 8298

Dated: March 2, 2005